Law Library

**IN THE SUPERIOR COURT**
**OF GUAM**

| | |
|---|---|
| THE PEOPLE OF GUAM, ) | CRIMINAL CASE No. CF-0281-12 |
| ) | |
| v. ) | **DECISION AND ORDER** |
| ) | On Defendant's |
| WHORTON S. WILSON, ) | Motion for Reduce Felony to |
| ) | Misdemeanor |
| Defendant. ) | |

### INTRODUCTION

This matter came before the Honorable Judge Michael J. Bordallo on November 20, 2012 on Defendant's Motion to Reduce Felony to Misdemeanor. The People of Guam were represented by Assistant Attorney General Christina Lum. The Defendant was represented by Assistant Public Defender Richard Dirkx. Having reviewed the memorandum and papers presented, the court now issues the following decision GRANTING the Defendant's Motion to Reduce Felony to Misdemeanor.

### FACTUAL HISTORY

The Defendant was indicted on one count each of both felony and misdemeanor *Family Violence* as well as two counts of *Assault* as a misdemeanor on April 30, 2012. The charges stem from an alleged incident that occurred between the Defendant and his wife, in the presence of their children. On September 27, 2012 the Defendant filed a motion to reduce the single felony *Family Violence* charge to a misdemeanor. In his motion, the Defendant argues that the Family Violence Act's seven-factor analysis for reducing a felony to a misdemeanor weighs in his favor. The People timely filed an opposition countering that the Defendant's criminal record and

history of violence with the same victim supports denying the Defendant's motion. Having applied the seven-factor analysis of Guam's Family Violence Act to the facts of the case, the Court agrees with the Defendant and grants the motion.

## DISCUSSION

The Defendant has motioned to have the first charge of the indictment, the charge of felony *Family Violence*, reduced to a misdemeanor. The Defendant's motion correctly relies on Section 30.20 of the Family Violence Act, which provides the court with a seven-factor analysis for determining whether a felony charge of *Family Violence* may be reduced to a misdemeanor. The relevant statute reads:

> In determining whether any felony charge filed pursuant to this § 30.20 should be reduced to a misdemeanor, the court shall consider the following factors, among others:
> (1) The extent or seriousness of the victim's injuries;
> (2) The defendant's history of violence against the same victim whether charged or uncharged;
> (3) The use of a gun or other weapon by the defendant;
> (4) The defendant's prior criminal history;
> (5) The victim's attitude and conduct regarding the incident;
> (6) The involvement of alcohol or other substance, and the defendant's history of substance abuse as reflected in the defendant's criminal history and other sources; and
> (7) The defendant's history of and amenability to counseling.

9 GCA §30.20(c). The Defendant argues that applying the facts of his case to the above mandated analysis warrants reducing his felony charge to a misdemeanor. The People, relying on the same analysis, come to the opposite conclusion. The Court evaluates each of the factors in turn.

Only the Defendant's wife is alleged to have sustained physical injuries as a result of the incident that led to the present criminal charges. The Defendant is accused of punching his wife in the face, which caused her to fall to the floor, and then continuing to punch her in the head.

The victim reported to the responding police that she was two months pregnant at the time of the alleged attack. The Defendant is further alleged to have physically threatened their son when the child tried to place himself between the Defendant and his mother. The Defendant briefly threatened the son with a beer can before leaving the house only to return with a rock. Holding the rock, the Defendant then chased the minor from the house, placing him in fear for his own life.

Although the Defendant's wife allegedly sustained injuries, the extent and seriousness of the injuries do not appear to support a charge of felony *Family Violence*. As will be discussed in a later paragraph, the victim may or may not have been pregnant at the time of the assault. Whether the potential pregnancy was the determinative factor in the People's decision to charging a felony is unclear. Nonetheless, there are other facts that support reducing the felony charge to a misdemeanor. First the Court notes that the responding police officers did not take the victim to the hospital to receive medical treatment after the alleged incident, as is standard procedure in a case involving serious injury. Similarly, no police photographs of the victim's alleged injuries were taken. Accordingly, there is little to no evidence to support the assertion that extent of the injuries was serious enough to warrant an indictment on a felony *Family Violence* charge.

The Defendant may or may not have a history of violence with the same victim. This is the Defendant's first criminal case involving a charge of *Family Violence*. However, both the Defendant's wife and her son separately reported to the police that there had been a long history of violence in the marital relationship. Both victims also stated that they had not called the police during previous incidents out of a fear of retaliation from the Defendant. Guam law requires consideration of "The defendant's history of violence against the same victim whether charged or

uncharged." The Court acknowledges these statements in conducting the balancing analysis, but does not find that the statements alone warrant a felony charge. 9 GCA §30.20(c)(2).

The Defendant held a potential weapon when he threatened his son, but not when he allegedly assaulted his wife. The Defendant is accused of having punched his wife more than once, before threatening their son with first a beer can, and then a rock. That the Defendant purposefully dropped the beer can so that he could obtain a rock with which to chase and threaten his son is not insignificant. The rock was used as a potential weapon. *See* 9 GCA §16.10(d) (defining a 'deadly weapon' where the classification as 'deadly' is defined by the seriousness of the injury inflicted). The felony *Family Violence* charge is specific, however, to the alleged attack upon the Defendant's wife. For this reason, the Court will not consider Defendant's alleged use of the rock in evaluating the motion to reduce felony to a misdemeanor.

The Defendant's prior criminal history is limited. While none of his previous criminal cases involve *Family Violence* charges, the Defendant does have a dismissed felony case, as well as a misdemeanor conviction. Of interest to the Court is that fact that, while each of these two cases was still active, the Defendant violated the terms of his probation. These violations speak to the seventh factor of the analysis, the Defendant's "history of and amenability to counseling." 9 GCA §30.20(c)(7). If the Defendant's current felony charge were to be reduced to a misdemeanor, he would become eligible for a Family Violence deferred plea. The Family Violence deferred plea gives eligible defendants the opportunity to have their criminal charges expunged upon successful completion of a probationary period that includes mandated counseling. That the Defendant has twice violated the terms of his probation weighs against his candidacy for counseling and mandatory probation, but is not conclusive.

The victim's attitude and conduct regarding the alleged incident both supports and negates reducing the felony charge to a misdemeanor. When first interviewed by the responding police, both the Defendant's wife and their son stated that there was a history of abuse throughout the martial relationship. Both alleged victims expressed fear of the Defendant and confessed that they had not reported prior incidents solely because of fear of retaliation. The Defendant's wife also reported that she was pregnant at the time of the alleged attack. Since these initial statements, however, the Defendant's wife has recanted. It is not possible to say from the two sets of statements whether the Defendant's wife was previously telling the truth, or whether she is now telling the truth. Accordingly, the Court gives little weight to this factor in making its overall assessment.

Alcohol was involved in the alleged incident and may or may not have been involved in the Defendant's prior cases. The 2004 felony charges against the Defendant were ultimately dismissed. The Defendant's misdemeanor conviction, CM 1290-11, involved reckless driving, but did not involve a charge of driving while under the influence. In CM 1290-11, the Defendant did enter a plea agreement containing terms which included assessment for alcohol and substance abuse at the Department of Mental Health, as well as random drug and alcohol testing during the course of his probation. However, because the Defendant was not charged with an alcohol related offense, these court-ordered terms are inconclusive. The present case involves alcohol, but without more, a potential history of substance abuse does not support denying the motion to reduce the felony charge to a misdemeanor.

A review of the facts of the Defendant's case in light of the Family Violence Act's seven-factor analysis for reducing a felony to a misdemeanor supports granting the current motion. The seven factors that the Court is required to consider in determining if there is cause to reduce the

felony charge to a misdemeanor indicate that "the defendant qualifies for a reduction" as was argued in his motion. The Court finds that there is a lack of evidence to support a charge that the victim's injuries were severe, that the Defendant's history of violence with the same victim is inconclusive, that the Defendant's use of a weapon was restricted to the alleged misdemeanor assault upon his son, and that the Defendant's limited prior criminal history and unsubstantiated history of substance abuse do not warrant denying the motion.

## CONCLUSION

Based on the foregoing, the Court finds that the Defendant has demonstrated that the felony *Family Violence* charge should be reduced to a misdemeanor. Accordingly, the court GRANTS the Defendant's Motion to Reduce Felony to a Misdemeanor. Further Proceedings are set for ___FEB. 12___ 2013 at 9am.

SO ORDERED, this __1__ day of February 2013.

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the Office of the Clerk of the Superior Court of Guam.
Dated at Hagåtña, Guam

FEB 0 1 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam